IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| STEPHANIE POELLOT, an individual, | Case No. 6:18-cv-01961-MC |
| Plaintiff, | **OPINION & ORDER** |
| v. | |
| WALMART INC., a foreign corporation, | |
| Defendants. | |

**MCSHANE, Judge**:

Defendant Walmart Inc. ("Walmart") moves for summary judgment on Plaintiff Stephanie Poellot's claims, arguing that no rational factfinder could find Walmart liable for the injuries sustained by Ms. Poellot. But because Walmart may have had notice of the potential danger their bathroom stall posed, Walmart's Motion for Summary Judgment, ECF No. 17, is DENIED.

**STANDARD OF REVIEW**

The Court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). An issue is "genuine" if a reasonable jury could return a verdict for the non-moving party. *Rivera v. Phillip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A fact is "material" if it could affect the outcome of the case. *Id.* The Court reviews evidence and draws inferences in the light most favorable to the non-moving party. *Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 988 (9th Cir. 2006) (quoting *Hunt v. Cromartie*, 526

1 –OPINION & ORDER

U.S. 541, 552 (1999)). When the moving party has met its burden, the non-moving party must present "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986) (quoting Fed. R. Civ. P. 56(e)).

## DISCUSSION

The facts here are straight-forward.[1] Ms. Poellot injured her hand on a bathroom stall door, specifically on the portion of the door where a purse hook used to be located. Depo. 47:17-24[2]; Def. Walmart Inc.'s Mem. of Law in Supp. of Mot. for Summ. J. 2–3, ECF No. 18. While the scratch did not draw blood, Ms. Poellot's hand became infected and developed cellulitis, even though she had washed her hands right after becoming injured. Depo. 27:9-16. Ms. Poellot injury required hospitalization and physical therapy. Depo. 83:15-17, 90:1-3. This was not the first time that the bathroom stall at Walmart had injured a customer. A year earlier, Deanna Johnson cut herself on the same door. Aff. of Deanna Johnson, ECF No. 26-1. Ms. Johnson notified Walmart staff of her injury. *Id.* There is no indication in the record that Walmart ever followed-up after receiving notice of the door's potential to cause injury.

Ms. Poellot argues that Walmart was negligent by "leaving a sharp metal protrusion on the bathroom stall door that was likely to accumulate germs or bacteria and then cut customers." Pl.'s Compl. ¶ 4, ECF No. 1-1. Walmart counters that the door presented no "visible defects" and that they cannot be liable under Oregon's premise liability law. Def. Walmart Inc.'s Mem. of Law in Supp. of Mot. for Summ. J. 4.

---

[1] The Court views the facts in the light most favorable to Plaintiff, the non-moving party.
[2] All citations to deposition testimony are from Plaintiff and found at Decl. of Sarah Tuthill-Dveton, Ex. 1, ECF No. 19.

A property owner in Oregon has a duty to make their premises reasonably safe for an invitee's visit. *Glorioso v. Ness*, 191 Or. App. 637, 643 (2004). An owner must exercise due care to discover conditions on the premises that create an unreasonable risk of harm and, once discovered, the owner must eliminate the condition creating that risk or warn any foreseeable invitee of the risk to avoid the harm. *Id.* Yet not all conditions pose an unreasonable risk of harm or are unreasonably dangerous. "A condition is not unreasonably dangerous if the hazard arising from it would be known and understood by reasonable persons expected to encounter the condition." *Maas v. Willer*, 203 Or. App. 124, 127 (2005).

Walmart's argument focuses on their belief that no reasonable finder of fact could find that the bathroom stall door was "unreasonably dangerous, nor did it pose an unreasonable risk of harm." Def. Walmart Inc.'s Mem. of Law in Supp. of Mot. for Summ. J. 2. From their perspective, the fact that the hook was missing is not uncommon and Plaintiff should have avoided the danger with reasonable precautions. Def. Walmart's Reply to Pl.'s Resp. to Def.'s Mot. for Summ. J. 6, ECF No. 28. Walmart specifically focuses on their contention that there was "no visible defect," that Ms. Poellot's injury required no immediate medical attention, and that she did not think "much of her . . . small scratch." Def. Walmart Inc.'s Mem. of Law in Supp. of Mot. for Summ. J. 4. Even so, when considering that Ms. Poellot was not the first person injured by the bathroom stall, Walmart's argument fails.

As explained by Oregon courts:

> The overarching principle in the law of premises liability is that the owner owes a duty to invitees to keep its premises in a reasonably safe condition. Thus, in the context of the condition of its premises, the owner is obligation to take reasonable action to protect the invitee against unreasonable risks of harm. Although that overarching principle remains constant, how the possessor's duty must be discharged – *i.e.*, what action must be taken to protect an invitee from an

unreasonable risk of harm – will depend on the circumstances, including the nature of the risk, *the possessor's knowledge*, and the arrangement or use of the premises.

*Ault v. Del Var Props., LLC*, 281 Or. App. 840, 847 (2016), *rev. denied*, 361 Or. 311 (2017) (emphasis added) (quotation and citations omitted). Viewing the facts in a light most favorable to Ms. Poellot, Walmart knew the danger posed by the bathroom stall door after the door had cut Ms. Johnson in an analogous manner. Aff. of Deanna Johnson ¶ 1–3. If a possessor knows about the unreasonable risk of harm, a warning will generally satisfy a possessor's duty to keep a premise reasonably safe. *Ault*, 281 Or. App. at 849–50 (citing *Wilk v. Georges*, 267 Or. 19, 23–26 (1973)). Here, perhaps Walmart violated their duty by failing to take "reasonable and feasible steps to obviate the danger." *Wilk*, 267 Or. at 26.

Walmart, though, still contends that their notice of the potential danger posed by the bathroom stall door is not dispositive because "[a possessor's] duty is not imposed in every case in which the possessor has knowledge of a dangerous condition on his business premises." Def. Walmart's Reply to Pl.'s Resp. to Def.'s Mot. for Summ. J. 5 (quoting *Evans v. McNutt*, 78 Or. App. 627, 627 (1986)). But *Evans* factually differs from the circumstances here. The plaintiff in *Evans* was making a delivery to the defendant's store when he rolled his ankle on a sloped drainage ditch. 78 Or. App. at 627. The *Evans* court noted that while the plaintiff had made deliveries to the store for five years, there had been no indication that he or anyone else had ever fallen on the sloped area. *Id.* Based on these facts, the *Evans* court held that plaintiff had failed "to show that the slope was unreasonably dangerous." *Id.* at 630.

Dissimilarly for Walmart, an individual was injured by the bathroom stall door before Ms. Poellot's injury. When determining whether summary judgment is proper on a premise liability claim, the Court analyzes multiple factors, including whether the possessor knew about the

condition. *Ault*, 281 Or. App. at 847. Here, a reasonable factfinder could determine that Walmart is liable because of their knowledge that the bathroom door could harm customers.

## CONCLUSION

Based on these reasons, Walmart's Motion for Summary Judgment, ECF No. 17, is DENIED.

IT IS SO ORDERED.

DATED this 2nd day of April, 2019.

                                                _____/s/ Michael J. McShane__
                                                      Michael McShane
                                          United States District Judge